UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JESSICA REDNER,

                                        Plaintiff,

        -v-                                                        1:08-CV-1047 (LEK/ RFT)

THE UNITED STATES OF AMERICA,
ADAMS & ASSOCIATES, INC., and
GLENMONT JOB CORPS ACADEMY,

                                        Defendants.

_____

## MEMORANDUM- DECISION AND ORDER

Plaintiff filed the instant complaint on October 1, 2008, alleging negligence on the part of

the Defendants stemming from Plaintiff's fall into a drainage hole on the property of the Glenmont

Job Corps Academy.  See Compl. (Dkt. No. 1).  Presently before the Court is a Motion to dismiss

for lack of subject matter jurisdiction brought by Defendant the United States of America ("the

United States").  Mot.  (Dkt. No. 10).  For the reasons discussed below, the Motion is denied.

## I.      BACKGROUND

The Job Corps, a federally funded program administered by the U.S. Department of Labor, is

the nation's largest residential and educational training program for economically disadvantaged

youth ages 16-24.  Affidavit of Job Corps Regional Director Joseph Semanksy ¶ 1 ("Semansky Aff.)

(Dkt. No. 10, Attach. 3).  Effective December 1, 2004, the Department of Labor entered into a

contract with Adams and Associates, Inc. ("Adams and Associates") to operate the Glenmont Job

Corps Center in Albany County, New York.  Semansky Aff. ¶ 5; Contract (Dkt. No. 10, Attach. 7).

The contract calls for Adams and Associates to maintain the facilities at the Glenmont Job Corps

Center, including the grounds and walkways.  Semansky Aff. ¶ 11.

In December 2005, Plaintiff was enrolled in the Job Corps and attending their program at the

Glenmont Job Corps Center.  Pl.'s Mem. in Opp'n at 1 (Dkt. No. 12).  Plaintiff alleges that on

December 13, 2005, she sustained personal injuries after falling into an unguarded, unmarked

drainage inlet on the Job Corps grounds.  See id.; Compl. ¶¶ 40-44.

Plaintiff brought this action seeking recovery for her physical and emotional injuries

resulting from her fall.  Plaintiff invokes jurisdiction against the United States pursuant to the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Compl. ¶ 2.  Plaintiff invokes

supplemental jurisdiction against Adams and Associates and Glenmont Job Corps Academy.  Id. ¶

3.  The United States has moved to dismiss for lack of subject matter jurisdiction, arguing that as a

Job Corps enrollee, Plaintiff's exclusive remedy rests within the provisions of the Federal

Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq.; and that in the alternative, to the

extent that the Glenmont Job Corps is run by an independent contractor (Adams and Associates),

the United States cannot be held liable under the FTCA.


## II.    STANDARD OF REVIEW

"It is a fundamental principle that federal courts are courts of limited jurisdiction.  The limits

upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither

disregarded nor evaded."  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the

district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United

States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  "A plaintiff asserting

subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it

exists." Makarova, 201 F.3d at 113 (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)).

In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court "'must accept as true

all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's

favor.'" Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008) (quoting Merritt v. Shuttle, Inc., 245

F.3d 182, 186 (2d Cir. 2001)).


III.    DISCUSSION

A.      The Federal Employees' Compensation Act

FECA provides that "[t]he United States shall pay compensation . . . for the disability or

death of [a federal] employee resulting from personal injury sustained while in the performance of

his duty . . . ." 5 U.S.C. § 8102(a). This compensation scheme is "the exclusive remedy for work-

related injuries sustained by federal employees." Votteler v. United States, 904 F.2d 128, 130 (2d.

Cir. 1990) (citing 5 U.S.C. § 8116(c))[1] (other citations omitted). "Because the FECA is an

'exclusive' remedy . . . it deprives federal courts of subject-matter jurisdiction to adjudicate claims

brought under the FTCA for workplace injuries that are covered under the FECA." Mathirampuzha

v. Potter, 548 F.3d 70, 81 (2d Cir. 2008) (citations omitted). Job Corps enrollees are considered to

be federal employees for FECA purposes. 5 U.S.C. § 8143(a); 29 U.S.C. § 2897(a). Thus, if

Plaintiff's claims fall within the purview of FECA, this court lacks subject matter jurisdiction to

_____

[1] Section 8116(c) provides that "[t]he liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury of death of an employee is exclusive . . . ." 5 U.S.C. § 8116(c).

adjudicate her FTCA claims.[2]

The Secretary of Labor has authority to administer FECA and to prescribe rules and

regulations for the administration of the statute.  5 U.S.C. §§ 8145, 8149.  The Secretary has

delegated her authority to administer FECA to the Director of the Office of Workers' Compensation

Program ("OWCP").  20 C.F.R. § 10.1.  When presented with a claim for benefits under FECA,

OWCP determines whether the claimant's injuries are covered by the statute.  The decision of the

Secretary or her delegate, OWCP, as to the applicability of FECA is not subject to judicial review.

See 5 U.S.C. § 8128(b); Mathirampuzha, 548 F.3d at 81.

Where a district court is faced with a FTCA claim that may be precluded by the plaintiff's

coverage under FECA, the Second Circuit has summarized the appropriate analysis as follows:

> [W]here there is a substantial question of FECA coverage–indeed, unless it is certain that the
> FECA does not cover the type of claim at issue–the district court may not entertain the
> FTCA claim.  If there is a substantial question of FECA coverage, only the Secretary of
> Labor or her delegate may decide whether the FECA applies.  If the Secretary determines
> that the plaintiff's claim is fundamentally outside the scope of the FECA, then the claim may
> proceed under the FTCA in district court. Conversely, the courts have no jurisdiction over
> FTCA claims where the Secretary determines that FECA applies.

Mathirampuzha, 548 F.3d at 81 (internal quotations and citations omitted).

Here, a substantial question exists as to whether FECA would cover Plaintiff's claims.

FECA only applies to injuries sustained by a covered employee "while in the performance of [her]

duty."  5 U.S.C. § 8102(a).  Plaintiff argues that there is a factual issue as to whether FECA would

cover her claims, as her injuries occurred at 8:45 p.m, and hence her injuries may have occurred

---

[2] There is one exception to this rule, not applicable here–district courts maintain jurisdiction
over constitutional challenges to the Secretary of Labor's administration of FECA.  See Doe v.
United States, 914 F. Supp. 945, 949 n.6 (W.D.N.Y. 1996) (citing Paluca v. Secretary of Labor, 813
F.2d 524, 526 (1st Cir. 1987)).

after her workday had ended.  Pl.'s Mem. in Opp'n at 3.  Yet Plaintiff does not allege that her

workday had in fact ended by 8:45 p.m., or otherwise address in any detail how her injuries might

have occurred under circumstances falling outside of the performance of her duties for FECA

purposes.  Thus, there is no basis in the record to conclude that "is it certain that the FECA does not

cover" Plaintiff's claim.  Mathirampuzha, 548 F.3d at 81.  Therefore, only the OWCP–pursuant to

the authority delegated by the Secretary of Labor–may decide whether FECA applies.  Id.

Plaintiff filed a timely claim for FECA benefits with Job Corps, and in turn Job Corps

forwarded that claim to the OWCP on or about December 8, 2008.  Duncan Aff. (Dkt. No. 10,

Attach. 6).  The Deputy Director for OWCP declares that "OWCP is presently developing the case

record to determine whether or not [Plaintiff] sustained an injury on December 13, 2005, and if so,

the extent of her injury and any related disability.  Once OWCP has received all necessary

information, it will issue a decision."  Id. ¶¶ 4, 5.

The Second Circuit has counseled that where OWCP has not yet issued its determination of

whether FECA would apply, the "proper course" for a district court in most circumstances is "to

stay the proceedings, hold the [FTCA] claim in abeyance, or otherwise maintain the case on the

court's inactive docket . . . and await a determination by [OWCP] regarding FECA coverage."

Mathirampuzha at 84 (citations omitted).  Whether a stay or dismissal would be appropriate in this

case requires consideration of the FTCA, addressed below.

**B.      The Federal Tort Claims Act**

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it

consents to be sued . . . , and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit.'"  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting

United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The FTCA waives the federal government's

sovereign immunity for

> civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  For purposes of the FTCA, the term "employee of the government" does

not include any "contractor with the United States."  28 U.S.C. § 2671; see Roditis v. United States,

122 F.3d 108, 111 (2d Cir. 1997).  "Thus, as a general rule, sovereign immunity precludes suits

against the United States for injuries caused by its independent contractors."  Roditis, 122 F.3d at

111.

The United States "does not contest the appropriateness of a stay in the majority of cases"

where OWCP has not yet issued its determination whether FECA would apply to the claimant's

injuries.  Def.'s Mem. in Reply at 3 (Dkt. No. 14).  However, the United States argues that "where,

as here, the FTCA would provide no basis for liability no matter how the FECA case is decided,

dismissal not stay is appropriate."  Id.  The United States contends that there would be no basis for

liability under the FTCA because any injuries sustained by Plaintiff were caused by an independent

contractor, Adams and Associates, and not a federal agency.  As proof that the Glenmont Job Corps

site was run by Adams and Associates, the United States points to the contract between the

Department of Labor and Adams and Associates, as well as to the affidavit of the Job Corps

regional director, who is based in Boston.  Contract (Dkt. No. 10, Attach. 7); Semanksy Aff.

Plaintiff counters that the terms of the contract do not establish what actually occurred in the daily

operation of the facility, and that the regional director's affidavit provides no detail regarding his

basis of knowledge regarding what occurred at the Glenmont facility.  Pl.'s Mem. in Opp'n at 4-5.

The Court agrees with Plaintiff that at this early stage in the litigation, the appropriate course is to stay the proceedings, rather than to dismiss.  Drawing all reasonable inferences in Plaintiff's favor, the Court cannot determine, based solely on the contract and a two-page affidavit of the Job Corps regional director, that the day to day operations of the Glenmont site were the responsibility of Adams and Associates, an independent contractor, and not the responsibility of the Department of Labor.  It is certainly reasonable to infer that notwithstanding the contract and the conclusory assertions of the Job Corps regional director, the Department of Labor exercised a degree of control over the operations of the Glenmont site sufficient to hold the United States liable.  While the Court expresses no opinion as to whether that inference is, in fact, accurate, the Court will not dismiss Plaintiff's claims at this early juncture.  Accordingly, the Court will stay further proceedings in this case until the parties inform the Court that the Secretary of Labor and/or the Office of Workers' Compensation Program has issued a final determination as to whether, and the extent to which, FECA applies in this case; at which point, the Court can determine whether it retains jurisdiction over the action.[3]

## IV.    CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant United States of America's Motion to dismiss for lack of

---

[3]  While the present Motion was only brought by the United States, a stay is appropriate for the entire case, as the basis of jurisdiction against the other Defendants is supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Therefore, until the Court can determine whether it would have jurisdiction over the claims against the United States, the Court will not consider the claims against the other Defendants.

subject matter jurisdiction (Dkt. No. 10) is **DENIED;** and it is further

ORDERED, that further proceedings in this case will be **STAYED** until such time as the

parties inform the court that the Secretary of Labor and/or the Office of Workers' Compensation

Program has issued a final determination as to whether, and the extent to which, the Federal

Employees' Compensation Act applies to Plaintiff's claims; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:      March 13, 2009
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge